UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI-MOHAMED KIDUDU, | ) CASE NO. C08-0651-RSM |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| A. NEIL CLARK, | ) |
| Respondent. | ) |

Petitioner Ali-Mohamed Kidudu is a native and citizen of Kenya. On April 25, 2008, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention, and seeking an order reducing his bond amount from $25,000 to $1,500. (Dkt. 8). However, the day after petitioner filed his habeas petition, he was transferred from the Northwest Detention Center in Tacoma, Washington, to the Mira Loma Detention Center in Lancaster, California. (Dkt. 5). On July 14, 2008, the government filed a Return Memorandum and Motion to Dismiss, arguing, *inter alia*, that this Court lacks habeas jurisdiction over petitioner's challenge to his detention because petitioner is no longer within the custody or control of respondent A. Neil Clark. (Dkt. 14).

REPORT AND RECOMMENDATION
PAGE -1

01       The district of confinement is the proper venue for a Petition for Writ of Habeas Corpus

02 under 28 U.S.C. § 2241. *See Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004). "Accordingly, with

03 respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the

04 traditional rule has always been that the Great Writ is 'issuable only in the district of

05 confinement.'" *Id.* (quoting *Carbo v. United States* , 364 U.S. 611, 617 (1961). "The plain

06 language of the habeas statute thus confirms the general rule that for core habeas petitions

07 challenging present physical confinement, jurisdiction lies in only one district: the district of

08 confinement." *Id.* at 443.

09       Here, petitioner has filed a "core habeas petition challenging present physical confinement."

10 *Id.* Accordingly, jurisdiction lies in only one district – the district of confinement. Because

11 petitioner is confined in Lancaster, California, jurisdiction over the habeas petition lies only in the

12 Central District of California. Accordingly, this case should be transferred to the United States

13 District Court for the Central District of California.

14       DATED this 17th day of July, 2008.

15

16                                                          _____
                                                            Mary Alice Theiler
17                                                          United States Magistrate Judge

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -2